# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., | CASE NO. C05-719RSM |
| Plaintiff, | ORDER ON DISCOVERY MOTIONS |
| v. | |
| ATLANTIC MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the Court for consideration of two separate, but inter-related, discovery motions: defendant's motion for a protective order (Dkt. # 179), and plaintiff's motion to compel (Dkt. # 184). The Court has reviewed the motions, responses thereto, and the replies, and now finds and rules as follows:

(1) <u>Defendant's Motion for a Protective Order</u> (Dkt. # 179)

Defendant seeks a protective order precluding the deposition by plaintiff of defendant's trial counsel Gary Selvin. Although plaintiff states that it seeks only to depose Mr. Selvin in his role as claims handler, there is a risk that the deposition may intrude into impermissible areas of Mr. Selvin's role as counsel, or will make him a witness in the case, disqualifying him from representing his client. The Court finds that these concerns outweigh plaintiff's interest in deposing Mr. Selvin. The motion for a protective order is accordingly GRANTED.

ORDER ON DISCOVERY MOTIONS - 1

(2) <u>Plaintiff's Motion to Compel</u> (Dkt. # 184)

Plaintiff moves to compel the production of "non-privileged" claims handling documents which defendant has withheld or redacted on the basis of attorney-client privilege. Plaintiff states,

> The documents at issue come principally from the claims files for the four patent infringement lawsuits that Amazon.com tendered for a defense in April 2004. They include the "Notepads" for the tendered lawsuits. Atlantic Mutual uses the Notepads as a complete and contemporaneous record of how it handles a claim. Claims file documents that record how an insurer investigates and evaluates its insured's claims are centrally relevant in a bad faith action like Amazon.com's.

Motion to Compel, p. 2.

Defendant, in a response conspicuously captioned as opposition to the motion to compel production of "privileged" documents, contends that the documents are protected by the attorney-client and work product privileges, because they were created by trial counsel Gary Selvin. However, investigative work by an attorney is not privileged when he is performing the function of a claims handler. *In re Allen*, 106 F. 3d 582, 602 (4th Cir. 1997). The Notepad entries at issue here are the insurer's contemporaneous record of the investigation and evaluation of plaintiff's claims. The Notepads contain documentation intended to satisfy state laws and regulations applicable to claims handling. They may not be shielded from production because an attorney was asked to do the work of a claims handler. As to the Notepad entries, then, plaintiff's motion to compel is GRANTED.

Plaintiff's motion to compel is also GRANTED as to the Claims Report documents specifically identified at page 6, note 3 of plaintiff's motion, and the non-attorney third-party communications specifically identified at page 7, note 4. Plaintiff's motion is DENIED as to other documents requested.

Defendants shall produce the documents ordered in unredacted form within seven days of this date.

DATED this 21 Day of March 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON DISCOVERY MOTIONS  - 2